signment of the right of action upon the bill, and that assignment may be made by the attorney and agent of the plaintiff.

[This was a suit by Heyer and Bremner against David Wilson.] The late marshal (Boyd) had been amerced damages and costs, for not bringing in the defendant whom he had arrested upon a capias ad respondendum. Notice having been served upon R. Wallach, the administrator of the late marshal, to show cause why the judgment should not be final,

Mr. Wallach showed for cause that no tender had been made of the original cause of action, (an accepted bill of exchange.)

Mr. Dunlop, for plaintiffs, produced the affidavit of Mr. Brent, the clerk of this court, showing that the original bill which had been filed in the suit against one Hyatt, had been sought for, but could not be found, and an assignment of the right of action signed by Mr. Key and Mr. Dunlop, attorneys and agents of the plaintiffs. Whereupon the court, at the last term, ordered the judgment to be entered against the administrator of the late marshal for the full amount of debt and costs, "nisi," the second day of the (then) next term (that is, the present term), according to the Maryland act of 1794, c. 54, § 2, for not bringing in the body of the defendant according to the tenor of the marshal's return.

Upon the second day of the present term, Mr. Swann, for defendant, offered bail for the defendant, Wilson.

Mr. Dunlop, for plaintiffs, objected that it was now too late.

But THE COURT (nem. con.) permitted the bail to be given, and ordered the judgment to be rescinded.

---

## Case No. 6,447.

### In re HEYS.

[1 Ben. 333;[1] 1 N. B. R. 21: Bankr. Reg. (Supp.) 5; 6 Int. Rev. Rec. 52; 36 How. Pr. 249.]

District Court, S. D. New York. Aug., 1867.

BANKRUPTCY PRACTICE—TIME OF NOTICE OF FIRST MEETING.

Where all the creditors of a bankrupt resided in Germany, and the register fixed the first meeting of creditors at sixty days from the date of the warrant: *Held*, that, under the eleventh section of the bankruptcy act [of 1867 (14 Stat. 521)], the fixing of the time for the first meeting is a matter of discretion with the register; that ninety days' time is to be allowed in cases where the creditors live so far away as to make such an interval a reasonable time.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

There is nothing to show that the register did not exercise his discretion wisely in this case.

In this case, all the creditors of the petitioner [Julius Heys], some eight or ten in number, were foreigners residing in Germany. On the return day named in the order of reference, the petitioner requested the register to fix a day twenty days from such return day, as the day for the first meeting of creditors. The register decided that sixty days' time from the date of the warrant, when issued, was the shortest time that could reasonably be named in the warrant for the first meeting of creditors, and that notices should be sent by mail to the creditors by the messenger, properly directed, and with the foreign postage prepaid. The petitioner contended that the clause in the eleventh section of the bankruptcy act, concerning service of notice on creditors by mail or personally, refers only to creditors residing within the United States, and that creditors residing out of the United States are, under that section, to be notified constructively, by the publication of notice in the newspapers specified in the warrant. On the application of the petitioner, the register certified the proceedings to the judge, for his decision thereon.

BLATCHFORD, District Judge. The register was correct in his decision. The eleventh section of the act requires that the warrant shall authorize the messenger to publish notices in such newspapers as the warrant specifies, and to serve written or printed notice, by mail or personally, on all creditors upon the schedule filed with the debtor's petition, or whose names may be given to him in addition by the debtor. The same section then goes on to specify what particulars the notice so to be served shall state. One of those particulars is, that a meeting of the creditors of the debtor will be held "at a time and place designated in the warrant, not less than ten nor more than ninety days after the issuing of the same." This allowance of as much time as ninety days, in connection with the absolute requirement that notice shall be served, by mail or personally, on all creditors, shows clearly that it was the intention of congress, that as much as ninety days' time between the issuing of the warrant and the first meeting of creditors shall be allowed in cases where the creditors reside so far away as to make such an interval a reasonable one. The fixing of the time is a matter of discretion, which it was the province of the register to exercise in this case, and there is nothing to show that he did not exercise it wisely in fixing sixty days' time.